## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. MICHAEL GILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 18 C 6494 |
| | ) | |
| v. | ) | Judge Steven Seeger |
| | ) | |
| CVS HEALTH CORP. et al., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After many weeks of extended negotiations, the parties have narrowed their discovery dispute to three topics that are now sufficiently crystalized for a court rule on. Accordingly, the parties were asked to file new briefs that would exclude prior discussion on matters on which the parties had now come to an agreement. Counsel graciously agreed and have now filed new briefs thereby simplifying the court's review and analysis. The parties filing of the new condensed briefs has been invaluable to the court's consideration of the issues. [Dkt. ##168, 170].

In discovery matters generally, the court has broad discretion. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). That discretion does not cease to exist where the issue depends upon considerations of proportionality. Proportionality, like other concepts, requires a common sense and experiential assessment. *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018). Indeed, Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the restructuring of Rule 26 so that the concept of proportionality appears in Rule 26(b)(1) rather than its earlier position lower in the Rule's numbering system,

26(b)(2)(C)(iii) was meant to emphasize the importance proportionality should play in a court's consideration of discovery related questions.[1] The Chief Justice also stressed that "[t]he key here is careful and realistic assessment of actual need" that may "require the active involvement of ... the federal judge to guide decisions respecting the scope of discovery." *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 259 (3rd Cir. 2016).

What follows are the rulings on the remaining three discovery disputes. [Dkt. ##168, 170]:

1. We are told the first remaining dispute has to do with search terms for six custodians (Laurie Beall, Connor Kilgannon, Shannon Moritz, Whitney Penzien, Judy Ousley, and Scott Wassell). The Relator originally demanded that these files be searched with the phrases "anti-kickback" and "anti kickback." [Dkt. #168, at 7]. That turned out to be a mistake on the Relator's attorneys' parts [Dkt. #168-8] because those searches would not pick up documents mentioning what would be a far more relevant term for this litigation: "kickback." So, essentially, after weeks of negotiations resulting in the defendant's good faith agreement to perform a search with eleven of the Relator's terms including "anti-kickback" and "anti kickback" [Dkt. #168-8], and the defendant's production of documents as a result [Dkt. #168, at 7 ("After analysis of documents

---

[1] The concept of proportionality did not make its first appearance in the Federal Rules of Civil Procedure with the 2015 Amendments. It originally appeared as part of Rule 26(b)(2)(C)(iii). *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. 2016); *Certain Underwriters at Lloyds v. Nat'l RR Passenger Corp.*, 318 F.R.D. 9, 14 (E.D.N.Y. 2016). Renumbering the proportionality requirement and placing it in Rule 26(b)(1) was designed to put a greater emphasis on the need to achieve proportionality in discovery than was thought to previously have existed given its placement in the structure of Rule 26. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). The renumbering of the proportionality requirement was thought to restore and emphasize the role proportionality was intended to play in discovery. *Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharm. USA, Inc.*, 2016 WL 11220848, at *3 (D.N.J. 2016). *See also* Linda Simard, *Seeking Proportional Discovery: The Beginning of the End of Procedural Uniformity in Civil Rules*, 71 Vanderbilt L.Rev., 1919 (2018); Trevor Gillum, *The Convergence Awakens: How Principles of Proportionality and Calls for Cooperation are Reshaping the E-Discovery Landscape*, 23 U.Miami Int'l & Comp. L.Rev. 741 (2016).

produced after the filing of Relator's Motion, Relator believes that the addition of the less restrictive word "kickback" (in lieu of "anti-kickback" or "anti kickback") is likely to yield highly relevant communications between Defendants and their FOCUS Care counterparty hospitals.")], the Relator's counsel wants a "do-over" to correct what, in effect, are the choices they made. The Relator's position seems unfair and unreasonable at this stage, and the Relator will have to be satisfied with its original search demand of "anti-kickback" and "anti kickback."

2. The second remaining dispute appears to be whether CVS should produce all documents that contain both the term "FOCUS Care" and another search term, or, instead, only documents containing the term "FOCUS Care" within ten words of another search term. We say "appears" because CVS's brief nebulously refers to a dispute over "search terms" as well as a dispute over search term connectors. [Dkt. #170. At 7-11]. Since CVS doesn't ever specifically address any particular *search term*, we will assume the dispute is limited to *connectors*.

The arguments for the position advanced by each side in support of its respective position are not persuasive. There is a middle ground here that apparently was not considered by either side. The Relator's position – using an "and" connector – is the discovery equivalent of playing Hungry Hungry Hippos – little better than grabbing blindly for documents. It is well known that the use of the word "and" as a link to search terms generally collects far too many irrelevant documents. The burden of review, as already suggested in a previous ruling, would be too great for the needs of this case. *United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2023 WL 2771166, at *2 n.1 (N.D. Ill. Apr. 4, 2023). CVS has already produced 300,000 documents (5.8 million pages). That is an extraordinarily large amount for any case – including this one. To go further is not "proportional" to this case and, it must be remembered, proportionality is case specific. *United States*

*v. Reingold*, 731 F.3d 204, 216 n.14 (2nd Cir. 2013); *Hahn v. Ohio Security Insurance Co.*, 2023 WL 2138926, *2 (N.D.Okl. 2023).

That conclusion is not altered by the Relator's reference to cases where courts, as a matter of discretion, in other contexts, allowed searches that retrieved hundreds of thousands of documents. The concept of proportionality does not exist in the abstract; it is case specific, and what is proportional in one case is obviously not decisive of what is proportional in another. If the rule were otherwise, the concept of discretion would vanish from application in discovery disputes. How many of the documents in the cases cited by the plaintiff were actually relevant? How many actually proved anything? The "and" connector was perhaps a starting point, but no better than that. With all deference, the Relator ought to have moved off its rigid position toward a compromise weeks ago.

On the other hand, the defendant's "within ten" words search is too narrow and is better employed when the searcher has a very good idea of what is among the documents they are searching, and the Relator's lawyers do not. CVS doesn't make much of a case for it beyond saying it would materially reduce the volume of documents to review. So would "within one" or "within two." But that is obviously not decisive given the nature of the proportionality analysis. Far better would be something like "within paragraph" or "within 100", or "within 200"; so it is unclear why, after three months, a detente along such lines could not be achieved. Far too frequently, no more than lip service is paid to adhering to Local Rule 37.2's requirement that discussions and negotiations be in good faith, and that seems to be what has happened here with both sides drawing lines in the sand at points and insisting on "resolutions" that could not reasonably withstand scrutiny and analysis once the matter was brought to court.

The Relator's attorneys give the court examples of the types of documents they say they are looking for. The first is an email covering the topic of "Focus Care" and "indigent" where the two words are more than ten words apart. [Dkt. #168, at 9]. While the Relator reads the document as using "Focus Care" only in the title, it is actually in the second sentence of the email [Dkt. #168-11 ("I had inquired about a job description for the Focus Care CSL, RN/educator positions.")], within 162 words of "indigent." The Relator's other example is a form seeking approval of a FOCUS Care contract. [Dkt. #168, at 10; Dkt. #168-12]. The Relator says only that "because there are more than ten words separating the terms "FOCUS Care" and the other relevant terms, CVS would exclude similar documents from its email searches." [Dkt. #168, at 10]. The Relator has the better of this argument because in that document, "Focus Care" is within 20 words of the search term "revenue agreement." [Dkt. #168-12, Page 2 of 3 ("ACTIVITY REQUEST FORM - REVENUE AGREEMENTS. Please email this Activity Request Form and all supporting documents to contracts&.coramhc. complaint. SUBMITTER: Jeff Silvers SERVICE TO BE PROVIDED: Focus Care Agreement . . . .")]. But neither of these examples support the use of the Relator's over-inclusive connector "and."

The court will exercise its discretion here and rule that a "within 200" connector will be used in order to pick up the search terms within about a paragraph of one another.

3. The Relator's counsel have reminded the court that they propounded the discovery requests at issue on August 12, 2022. They say CVS did not agree in writing to perform any custodial email searches until January 27, 2023. But of course, the parties were miles apart for much of the time between August and January, and they insist they have been negotiating in "good faith" over their disputes even more recently. So, what was going to be produced in the end was, in effect, a

colloquial moving target. Yet, with discovery set to close on August 31, 2023, as noted earlier, the Relator wants the court to Order CVS to complete production within just two weeks of the court's Order resolving the parties' leftover disputes. That request is denied and, in substance, is inconsistent with the earlier suggestion that counsel not be so cavalier. *United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2023 WL 2771166, at *2 n.1 (N.D. Ill. Apr. 4, 2023). As was pointed out two months ago, the time necessary to even briefly review what counsel describes as "*only* 440,000 documents" is, in reality, staggering. *Gill*, 2023 WL 2771166, at *2 n.1. Four hundred and forty thousand documents, by any measurement, is a lot of documents. This is a case of the Relator's counsel seemingly disregarding a hint in a court Order and having made their bed, so to speak, with demands for massive amounts of discovery. It is not for nothing that Judge Posner has called "protracted discovery the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000).

This is not to say that CVS's lawyers get to drag their feet – as too often occurs in discovery. They need to work expeditiously with their client and complete document production as soon as possible. Counsel are to report back to the court on their progress in 4 weeks' time, on July 20, 2023.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

DATE: 6/20/23